UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2013 AUG 14  PM 3: 49

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
            DEPUTY

LISA KRAMER                          )
                                     )
            PLAINTIFF                )
                                     )
vs.                                  )    CIVIL ACTION NO. 1:12-CV-00700-SS
                                     )
JP MORGAN CHASE BANK, N. A.          )
                                     )
            DEFENDANT                )

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S REPLY BRIEF

JOSEPH P. WEBBER
State Bar No. 21041600
LAW OFFICES OF JOSEPH P. WEBBER
100 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 472-1131
Telecopy: (512) 479-8977
Email:  webberlawaustin@aol.com

ATTORNEY FOR PLAINTIFF
LISA KRAMER

## **TABLE OF CONTENTS**

I. INTRODUCTION.................................................................................1

II. SUMMARY JUDGMENT EVIDENCE................................................................2

III. STATEMENT OF MATERIAL FACTS..............................................................2

IV. STANDARD FOR SUMMARY JUDGMENT.....................................................3

V. ARGUMENT AND AUTHORITIES.................................................................4

    A.  Plaintiff's Claims that the Loan Violated TEX. CONST. art. XVI, Section 50(a)(6)
        (Q) (xi) ("Subparagraph xi") and Section 50(a)(6)(N) ("Paragraph N" Do Not Fail.........4

        1.   Plaintiff's Subparagraph (xi) claim that the Loan violated Section
               50(a)(6)(Q)(xi) is not barred by the four-year statute of limitations..................4

        2.   Plaintiff has standing to challenge the validity of the Loan for an alleged violation
               of Section 50(a)(6)(N) ("Paragraph N") ................................................9

        3.   The summary judgment evidence establishes that the Loan was not closed at an
               attorney's office, title company, or lender's office and, in fact, there was no
               "closing" as a matter of law, in violation of Paragraph N...........................10

    B.  Plaintiff Does Not Contest the Motion as to Plaintiff's Quiet-Title Claim.................11

    C.  Plaintiff's Fraudulent Lien Claim is not Moot and is Supported by the Summary
       Judgment Evidence and Does Not Fail.......................................................11

    D.  Plaintiff Does Not Contest the Motion as to Plaintiff's Civil Conspiracy Claim...........14

    E.  Plaintiff Does Not Contest the Motion as to Plaintiff's Request for Declaratory Relief...14

## TABLE OF AUTHORITIES

**Cases**

*Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726 (5th Cir. 1987)..................................10

*Centurion Planning Corporation, Inc. v. Seabrook Venture II*, 176 S.W.3d 498, 505-506 (Tex. App. – Houston [1[st] Dist.] 2004, no pet.)..............................................................12

*Howerton v. Designer Homes by Georges, Inc.*, 950 F.2d 281, (5th Cir. 1992)......................10

*Kansa Reinsurance Co. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, (5th Cir. 1994)......9

*Marston v. American Emplys. Ins. Co.*, 439 F.2d 1035, (1st Cir. 1971)...............................10

*McDonough v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL 1966930 (S.D. Tex. May 13, 2013) .............................................................................................8

*Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013) .........................6, 7, 8

*Rivera v. Countrywide Home Loans, Inc.* 262 S.W.3d 834 (Tex. App. – Dallas 2008, no pet.)......8

*Schanzle v. JPMC Speciality Mortg. LLC,* No. 03-09-00639-CV, 2011 WL 832170 (Tex. App-Austin Mar. 11, 2011, no writ) .......................................................................8

*Sigaran v. US Bank Nat'l Ass'n,* No. H-12-3588, 2013 Wl 2368336 (S.D. Tex. May 29, 2013)....8

*Smith v. JPMorgan Chase Bank, National Association*, 825 F.Supp.2d 859 (S.D. Tex 2011)....8, 9

*Vanderbilt Mortgage and Finance, Incorporated v. Flores*, 692 F.3d 358, (5th Cir. 2012)..........9

*Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, (7th Cir. 1991) .....................................................................................................10

**Statutes**

TEX.CIV.PRAC. & REM. CODE Ch. 12.................................................................1, 12

TEX.CIV.PRAC. & REM.CODE § 12.001(1) ................................................................

TEX.CIV. PRAC. & REM. CODE § 12.002...........................................................11, 12, 14

TEX.CIV.PRAC. & REM.CODE § 12.002(a) ...................................................................12

TEX.CIV.PRAC. & REM CODE § 12.002(a)(1)..........................................................13, 14

TEX.CIV.PRAC. & REM CODE § 12.002(a)(2)(3)...........................................................14

TEX.CIV.PRAC. & REM. CODE § 12.003……………………………………………………11

TEX.CIV.PRAC. & REM.CODE § 12.003(a) …………………………………………11, 12

TEX.CIV.PRAC. & REM. CODE § 12.003(a)(8)…………………………………………11, 12

TEX. CONST. art. XVI, § 50…………………………………………………………7, 9

TEX. CONST. art. XVI, § 50(a)(6)…………………………………………………… 7

TEX.CONST.art. XVI, § 50(a)(6)(N) ("Paragraph N")……………………………9, 10, 11, 13, 14

TEX.CONST. art. XVI, § 50(a)(6)(Q)(x) ("Subparagraph (x)"…………………………1, 4, 6, 7, 9

TEX.CONST.art.XVI, § 50(a)(6)(Q)(xi) ("Subparagraph (xi)") …………………1, 4, 5, 6, 7, 8, 9, 10

**Other Authorities**
TEX. FIN. CODE § 11.308 ……………………………………………………………..5

7 T.A.C. § 153.1(3) ……………………………………………………………1, 4, 5, 7, 11

**Rules**
FED.R.CIV.P. 8(c)……………………………………………………………………..10

FED.R.CIV.P. 9(a) ……………………………………………………………………10

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REPLY BRIEF

Plaintiff Lisa Kramer ("Plaintiff" or "Kramer") files this her response to "Defendant's Motion for Summary Judgment and Brief in Support" and her reply brief, and would respectfully show the Court the following:

## I.    INTRODUCTION

In February 2005 Plaintiff's then husband Bryan Kastleman ("Kastleman") without Plaintiff's knowledge, agreement or participation, obtained a $250,000 home equity line of credit ("HELOC") loan from Defendant.  The purported signatures of Plaintiff on the loan documents and in the Notary book were forged.  On February 5, 2013 Plaintiff Lisa Kramer, in order to preclude the possibility of a receiver being appointed in her divorce action to sell her homestead to pay off the Chase loan, made a $249,910.71 payment to Defendant to pay off the loan.

Plaintiff asserts claims against Defendant for violation of TEX. CONST. art XVI, § 50(a)(6)(Q)(xi) ("Subparagraph (xi)") which provides that the lender forfeits all principal and interest "…if the lien was not created under a written agreement with the consent of each owner and each owner's spouse, …".  Defendant, in its Motion has inexplicably ignored Plaintiff's Subparagraph (xi) claim and, instead, seeks summary judgment under TEX. CONST. art. XVI, § 50(a)(6)(Q)(x) ("Subparagraph (x)") notwithstanding the fact that Plaintiff is not asserting a Subchapter (x) claim.

Plaintiff is also asserting a claim under TEX. CONST. art. XVI, Section 50(a)(6)(N) ("Paragraph N") because there was, as a matter of law, no "closing" of the loan, defined by applicable state law (7 T.A.C. § 153.1(3)) as "…the date when each owner and the spouse of each owner signs the equity loan agreement…".  Plaintiff is also asserting a fraudulent lien claim under TEX. CIV. PRAC. & REM. CODE Ch. 12 to recover the damages she suffered (e.g., the

$249,910.71 payment she made to Defendant to release the lien and preclude the possible appointment of a receiver to sell her homestead to pay off the Chase lien) as a result of the lien Defendant placed on her homestead.

Plaintiff does not contest Defendant's Motion as to Plaintiff's quiet title claim.  Plaintiff does not contest the Motion as to Plaintiff's civil conspiracy claim.  Plaintiff does not contest Defendant's Motion as to Plaintiff's request for declaratory judgment.

## II.    SUMMARY JUDGMENT EVIDENCE

In support of this response, the Plaintiff relies upon and incorporates herein by reference the summary judgment evidence attached to and incorporated in this response, which summary judgment evidence is described in the attached "Appendix of Exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment".

## III.    STATEMENT OF MATERIAL FACTS

In February 2005 Plaintiff's then husband Bryan Kastleman ("Kastleman") obtained a Home Equity Line of Credit ("HELOC") loan from Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC" or "Chase Bank" or "Chase") without the knowledge, agreement or participation of Plaintiff.  Ex. A., p. 1.  Plaintiff did not sign any of the loan documents or the Notary book, and her purported signatures on the loan documents and in the Notary book were forged.  Exs. A, p. 2; B, pp. 61-64, 70-74; C-F.  Plaintiff's eminently qualified (Exs. T, p. 29; W) handwriting expert, Kay Micklitz, testified with the highest degree of professional certainty (Exs. T, pp. 135-37; X) that Plaintiff's purported signatures on the loan documents and Plaintiff's purported signature in the Notary book were not the genuine signatures of Plaintiff Lisa Kramer. Exs. T, pp. 26, 28-29, 56, 134-153; U-Z.  In the case of Plaintiff's forged signature in the Notary Book (see copies at Exs. F, L, Q and Z) the forger clearly misspelled Plaintiff Lisa Kramer's last name as "Kremer" or "Krener".  Exs. B, pp. 70-74; F; P, pp. 71-72; Q; T, pp. 143-45; Z.

Margie Shelnutt, the Notary Public who purportedly "Notarized" the forged signatures of Plaintiff is a "Mobile Notary and Courtesy Closer" who notarizes documents in her office; in homes; and in coffee shops. Exs. P, pp. 88-89; S. Ms. Shelnutt acknowledged her repeated and consistent failure to follow state law governing her conduct as a Notary (Exs. P, pp. 37-60; R); admitted that she never described in her Notary book a single instrument in any HELOC loan closing (Ex. P, p. 54), although required to do so by state law; and acknowledged that the purported signature of Plaintiff in the Notary book could be "Kremer" rather than "Kramer" (Ex. P, pp. 71-72; Q). Ms. Shelnutt also admitted that she "corrected" the driver's license entry (changing the state from "TX" to "CA") prior to her deposition. Ex. P, pp. 65-68; Q.

Plaintiff did not discover the existence of the Chase Bank HELOC loan or the lien on her home until August 2008 when she and her then husband Bryan Kastleman were considering selling their homestead and Plaintiff was advised by one of their realtors that there was a second lien on the home. Ex. A, pp. 1-2.

On February 5, 2013 Plaintiff made a $249,910.71 "pay off" payment by personal check (Ex. N) to Defendant during a hearing in Plaintiff's divorce action in state District Court. Plaintiff made the payment in order to preclude the possibility of a receiver being appointed to sell Plaintiff's homestead to pay off the Chase Bank lien. Exs. A, p. 2; ; I, pp. 101-106; J, pp. 168-69; M; N; O.

## IV.    STANDARD FOR SUMMARY JUDGMENT

Defendant JPMC, at pages 3-4 of the Motion, has correctly stated the legal standard for summary judgment.

## V.   ARGUMENT AND AUTHORITIES

**A.   PLAINTIFF'S CLAIMS THAT THE LOAN VIOLATED TEX. CONST. ART. SECTION 50(a)(6)(Q)(xi) ("Subparagraph (xi)") and Section 50(a)(6)(N) ("Paragraph N") DO NOT FAIL.**

1.   *Plaintiff's Subparagraph (xi) claim that the Loan violated Section 50(a)(6)(Q)(xi) is not barred by the four-year statute of limitations.*

TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi) ("Subparagraph (xi)") reads, in its entirety, as follows:

> "(xi) the lender or any holder of the note for the extension of credit <u>shall forfeit all principal and interest</u> of the extension of credit if the extension of credit is made by a person other than a person described under Paragraph (P) of this subdivision or <u>if the lien was not created under a written agreement with the consent of each owner and each owner's spouse</u>, unless each owner and each owner's spouse who did not initially consent subsequently consents;"  Emphasis added.

Unlike a claim under TEX. CONST. art. XVI, § 50(a)(6)(Q)(x) ("Subparagraph (x)"), there is absolutely no "notice to the lender" requirement to bring a claim under Subparagraph (xi). There is also no "cure" provision by which the lender can correct or "cure" any deficiencies in the home equity loan. The loan is void <u>ab initio</u> "unless each owner and each owner's spouse who did not initially consent subsequently consents."

A Subparagraph (xi) claim presupposes that there was no "written agreement" signed by "each owner and each owner's spouse". In other words, there was no loan "closing" as a matter of law.  7 T.A.C. § 153.1(3).

Defendant JPMC has been aware since before the filing of this lawsuit that Plaintiff is asserting a Subparagraph (xi) claim rather than a Subparagraph (x) claim.  The June 20, 2012 demand letter from Plaintiff's counsel to Chase (attached Ex. G) refers repeatedly to §50(a)(6)(Q)(xi) ("Subchapter (xi)") and makes no reference, whatsoever, to § 50 (a)(6)(Q)(x) ("Subparagraph (x)")  The following language from the demand letter is illustrative:

> "The home equity lien on the Ehrlich Homestead was not created with Lisa's consent.  Therefore, not only are the Chase Loan Documents invalid, but Chase Bank must forfeit all principal and interest of the home equity loan.

§50(a)(6)(Q)(xi) of the Texas Constitution states "the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if... the lien was not created under a written agreement with the consent of each owner and each owner's spouse, unless each owner and each owner's spouse who did not initially consent subsequently consents." Tex. Const. §50(a)(6)(Q)(xi)...". Ex. G, p. 2.

Similarly, Plaintiff's Complaint (filed in state District Court on July 10, 2012) clearly asserts a Subparagraph (xi) claim (Complaint, p. 4) without mentioning or asserting a Subparagraph (x) claim.

The Texas Finance Commission may issue interpretations that are applicable to all lenders authorized to make home equity loans. TEX. FIN. CODE § 11.308. The Texas Finance Commission has promulgated the following definition for "closed" or "closing": "(3) Closed or closing – the date when each owner and the spouse of each owner signs the equity loan agreement or the act of signing the equity loan agreement by each owner and the spouse of each owner." 7 TAC § 153.1(3).

In the present case, the summary evidence reflects that Plaintiff Lisa Kramer never signed "the equity loan agreement" or any of the HELOC loan documents. Exs. A, p. 2; B, pp. 61-64, 70-74; C-F; T. pp. 26, 28-29, 56, 134-153; U-Z. Accordingly, and by definition, the HELOC was never "closed" and there was no "closing" as a matter of law. TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi) ("...the lien was not created under a written agreement with the consent of each owner and each owner's spouse, ..."); 7 T.A.C. § 153.1 (3) (defining "closed or closing").

The summary judgment evidence supporting Plaintiff Lisa Kramer's claim that her signatures on the loan documents and her signature in the Notary book were forged is so strong that Defendant does not deny that the claim is supported by summary judgment evidence. Exs. A, p. 2; B, pp. 61-64, 70-74; C-F; T, pp. 26, 28-29, 56, 134-153; U-Z. Similarly, Defendant does not contest in its motion the fact that Plaintiff did not learn of the Chase HELOC loan and the second lien on her homestead until August 2008, less than 4 years before she brought this lawsuit. See

Complaint; Ex. A, pp. 1-2.

It is an uncontested fact that the summary judgment evidence fully supports Plaintiff's Subparagraph (xi) claim. It is also a fact that Plaintiff's Subparagraph (xi) claim is not mentioned or addressed in Defendant's Motion. TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi) ("Subparagraph (xi)") is not cited once in the Motion and is not listed in Defendant's "Table of Authorities". Motion, at p. iv. It is axiomatic that Defendant cannot be granted a summary judgment on Plaintiff's Subparagraph (xi) where, as here, it is not addressed or cited in the Motion.

While ignoring Plaintiff's Subparagraph (xi) claim Defendant has focused its Motion on TEX. CONST. art. XVI, § 50(a)(6)(Q)(x) ("Subparagraph (x)"), citing it 7 times. Motion, p. iv. Since Plaintiff is not asserting a Subparagraph (x) claim why would Defendant make Subparagraph (x) the focus of its Motion while ignoring Plaintiff's Subparagraph (xi) claim? Plaintiff suggests the following possible reasons:

1. There is overwhelming summary judgment proof establishing that Defendant violated Subparagraph (xi), which has no "notice to lender" provision and which gives Plaintiff full relief (i.e., Defendant's forfeiture of all principal and interest).

2. The 4-year statute of limitations, which applies to a Subparagraph (x) claim in which a "closing", however imperfect, occurred (with the resulting notice to the owners) does not apply to a Subparagraph (xi) claim where, by definition, there was no "closing".

3. The Subparagraph (x) cases relied upon by Defendant, which hold that the 4-year statute of limitations applies from the date of the closing; do not apply to Plaintiff's Subparagraph (xi) claim because there was no closing as a matter of law.

In support of its statute of limitations defense (Motion, pp. 4-8) Defendant relies most heavily upon the recent opinion of the Fifth Circuit in *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674-76 (5th Cir. 2013). However, *Priester, supra*, is clearly distinguished for each of the following reasons:

1. *Priester* construed and applied the 4-year statute of limitations to a Subparagraph (x) claim under TEXS.CONST.art. XVI, § 50(a)(6)(Q)(x) (Emphasis added); however, Plaintiff Lisa Kramer's Subparagraph (xi) claims are brought under TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi). (Emphasis added).

2. *Priester* did not address the fact that there are actually two (2) separate claims under TEX. CONST. art. XVI, § 50(a)(6): (1) a Subparagraph (x) claim that addresses "voidable" rather than "void" home equity loans and has detailed "notice to the lender" requirements; and (2) a Subchapter (xi) claim that addresses claims, like those of Plaintiff Lisa Kramer, that a home equity loan is void <u>ab initio</u> because "…the lien was not created under a written agreement with the consent of each owner and each owner's spouse,…", and which has absolutely no "notice to the lender" requirements. In this regard Subparagraph (x) itself reads, in pertinent part: "(x) except as provided by Subparagraph (xi) of this paragraph, …"

3. In *Priester* the husband and wife "mortgagers" admitted signing all the loan documents at the "closing" of their home equity loan, which they asserted took place in their home. In the present case Plaintiff Lisa Kramer had no knowledge of the loan; did not sign any of the loan documents (on which her signatures were forged); and did not attend a "closing" of any kind.

4. In *Priester* the Fifth circuit held that the 4-year statute of limitations is calculated from the date of the closing of the home equity loan. In the present case, according to the testimony of Plaintiff and her handwriting expert, there was, by definition, never a "closing" – defined by state law as "the date when each owner and the spouse of each owner signs the equity loan agreement or the act of signing the equity loan agreement by each owner and the spouse of each owner." 7 TAC § 153.1(3). Plaintiff Lisa Kramer cannot reasonably be expected to bring suit within 4 years of a "closing" that never occurred.

5. In *Priester, supra* at 675-676, the Fifth Circuit concluded that the "Discovery Rule" did

not apply in a Subparagraph (x) case where there was no dispute that there was, in fact, a

closing of a home equity loan on a specific date and held that the "four-year limitations

period [ ] commenced when the home equity loan in question closed." Since the married

couple in *Priester* admitted signing the loan documents and attending the closing the Fifth

Circuit properly held that the defects in the loan were not "inherently undiscoverable"

*Priester, supra* at 675. In the present case, the defects in a home equity loan that never

"closed" were, in fact, "inherently undiscoverable" to Plaintiff, who had no knowledge of

the loan; did not sign any of the loan documents; and never attended a "closing."

The other cases cited by Defendant JPMC in support of its statute of limitations defense

(Motion, at pp. 4-8) involve, like *Priester*, Subparagraph (x) claims rather than the Subparagraph

(xi) claim brought by Plaintiff Lisa Kramer and are not cases in which the execution of the loan

documents and the very existence of a "closing" were each denied. See *Sigaran v. US Bank Nat'l

Ass'n*, No. H-12-3588, 2013 WL 2368336 (S.D. Tex. May 29, 2013) at pp. 7-8; *McDonough v. JP

Morgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL 1966930 (S.D. Tex. May 13, 2013) at pp.

3-4; *Schanzle v. JPMC Specialty Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170 (Tex. App.

– Austin Mar. 11, 2011, no writ), at p.  4; and *Rivera v. Countrywide Home Loan, Inc.*, 262

S.W.3d 834, 839-40 (Tex. App. – Dallas 2008, no pet.).   In distinguishing *Rivera, Supra,* the

Court in *Smith v. JPMorgan Chase Bank, National Association*, 825 F. Supp.2d 859, 868 (S.D.

Tex. 2011) held:

> "*Rivera* does not apply to the facts of this case and is distinguished because the parties
> here have not agreed to the application of the four-year statute. Under Texas law, the
> four-year statute of limitations—on its face—does not apply to Smith's claim that the
> lien is void.   Equitable claims to recover property based upon liens that are
> constitutionally void are not barred by limitations.  Consequently, the Court does not
> reach the issues of whether the discovery rule or the revival statute, TEX. CIV. PRAC.
> & REM. CODE § 16.065, apply."

Smith, supra at 867-68, was a Subparagraph (x) case that recognized the "cure" provisions of Subparagraph (x).   This is a Subparagraph (xi) case in which the "cure" provisions of Subparagraph (x) do not apply.  The question presented in this case is:  Can Plaintiff be required to bring suit within 4 years of a "closing" which, by definition, never occurred?

In support of its statute of limitations defense Defendant JPMC relies upon the filing on June 20, 2005, of a deed of trust (Ex. D to the Motion) which both Plaintiff and Plaintiff's handwriting expert testified that Plaintiff never signed.  Exs. A, p. 2; B, pp. 61-64, 70-74; C-F; T, pp. 26, 28-29, 56, 134-153; U-Z.  Plaintiff was not aware of the existence or filing of the Deed of Trust (to which her signature was forged) and was clearly under no obligation to search the Travis County Deed of Records for a forged document she did not know existed.  Ex. A, pp. 1-2.

"...Under Texas law, 'the recording of a document in public records serves as constructive notice for limitations purposes only for those persons who are under an obligation to search the record.'"  *Vanderbilt Mortgage and Finance, Incorporated v. Flores*, 692 F.3d 358, 367 (5th Cir. 2012), quoting its prior opinion in *Kansa Reinsurance Co. V. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362 (5th Cir. 1994).  Plaintiff was clearly not under an obligation to search the deed records for a deed of trust she never signed and which she did not know existed.

2.  *Plaintiff has standing to challenge the validity of the Loan for an alleged violation of Section 50(a)(6)(N).*

Defendant JPMC asserts at pages 8-10 of its Motion for Summary Judgment ("Motion"), that Plaintiff Lisa Kramer ("Plaintiff") "does not have standing" to bring her TEX. CONST. art. XVI, § 50(a)(6)(N) ("Paragraph N") against Defendant because:  "While Plaintiff may be an owner, she is not a borrower."  Motion, p. 9.

TEX. CONST. art. XVI, § 50 protects homesteads and the owners of homesteads.  It protects "borrowers" only to the extent they are also "owners".  Subparagraph N, which requires that home equity loans be "...closed only at the office of the lender, an attorney at law, or a title

company;." is designed to protect owners like Plaintiff.  Plaintiff sent Defendant written notice of her Paragraph N and Subparagraph (xi) claims before filing this suit.  Ex. G.  A violation of Paragraph N is inherently incurable.  In any event, Defendant never  tried to apply a "cure."  Ex. H.

As an owner of the homestead who paid off the Chase loan to prevent a possible receivership and sale, Plaintiff her "standing".  Ex. A, p. 2 and attached Ex. 1.  In any event, Plaintiff is entitled to full relief (forfeiture of all principal and interest) under her Subparagraph (xi) claim without regard to Paragraph N.

Defendant's Original Answer ("Answer") was filed on August 8, 2012 and has not been amended.  Defendant does not assert in its Answer, as an affirmative defense or otherwise, that Plaintiff lacks the capacity or "standing" to bring any of her causes of action against Defendant JPMC. See FED. R. CIV. P. 8(c) and 9(a).  Where, as here, Defendant JPMC seeks to challenge the capacity of Plaintiff to bring her claims under TEX. CONST. art. XVI, Defendant must asset such lack of capacity in its Answer, and "…must do so by a specific denial, which must state any supporting facts that are particularly within the party's knowledge."  FED. R. CIV. P. 9(a); *Wagner Furniture Interiors, Inc. v. Kemner's Gerogetown Manor, Inc.*, 929 F.2d 343, 345 (7th Cir. 1991); *Marston v. American Empls. Ins. Co.*, 439 F.2d 1035, 1041 (1st Cir. 1971).  By its failure to meet the strict affirmative pleading requirements of FED. R. CIV. P. 9(a) Defendant has waived the defense of lack of capacity or "standing".  *Howerton v. Designer Homes by Georges, Inc.*, 950 F.2d 281, 283 (5th Cir. 1992); *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, (5th Cir. 1987).

3.  *The summary judgment evidence establishes that the Loan was not closed at an attorney's office, title company, or lender's office, and, in fact, there was no "closing" as a matter of law, in violation of Paragraph N.*

At pages 8 and 9 of the Motion, Defendant again attacks Plaintiff's claim under TEX. CONST. art. XVI, § 50(a)(6)(N) ("Paragraph N") by asserting that Plaintiff has presented no summary judgment evidence that the loan was not "closed" "at the office of the lender, or attorney at law, or a title company."

A "closing" is defined as "…the date when each owner and the spouse of each owner signs the equity loan agreement…" 7 T.A.C. § 153.1(3). Plaintiff has presented overwhelming summary proof establishing that she never signed "the equity loan agreement" and that, as a result, there was no closing. Exs. A, p. 2; B, pp. 61-64, 70-74; C-F; T, pp. 26, 28-29, 56, 134-153; U-Z.

Since, as a matter of law, the HELOC loan was never "closed" and there was no "closing", the summary judgment evidence establishes that Defendant JPMC could not and did not comply with the Constitutional requirement that the loan "is closed only at the office of the lender, an attorney at law, or a title company;". TEX. CONST. art. XVI, § 50(a)(6)(N).

**B.   PLAINTIFF DOES NOT CONTEST THE MOTION AS TO PLAINTIFF'S QUIET-TITLE CLAIM**

Plaintiff does not contest the Motion as to Plaintiff's quiet title claim.

**C.   PLAINTIFF'S FRAUDULENT LIEN CLAIM IS VALID**

Plaintiff Lisa Kramer has a valid claim for Defendant's violation of TEX. CIV. P. & REM. CODE § 12.002 that is supported by summary judgment evidence and is not "moot".

TEX. CIV. P. & REM. CODE § 12.003(a) provides that Plaintiff may bring an action under TEX. CIV. P. & REM. CODE Ch. 12 "to recover damages". Plaintiff has standing to bring such a claim for damages under TEX. CIV. P. & REM. CODE § 12.003 because she is "…a person who owns an interest in the real or personal property." TEX. CIV. P. & REM. CODE § 12.003(a)(8).

Defendant's assertion at page 12 of the Motion that Plaintiff is not seeking damages for Defendant's § 12.002 violation is erroneous.  In this regard, please see Plaintiff's pleadings seeking damages at items a., b., and c. of Plaintiff's "Prayer" at page 6 of the Complaint.

Plaintiff agrees with Defendant, at page 12 of the Motion, that:  "There is no need for a Court order to invalidate or vacate a lien that no longer encumbers the property."  However, this fact clearly does not preclude Plaintiff's claim for damages under TEX. CIV. P. & REM. CODE § 12.003(a).

At page 13 of the Motion, Defendant engages in a tortured construction of TEX. CIV. P. & REM. CODE § 12.002(a) and concludes that:  "Because Plaintiff cannot prove and has no evidence that the Deed of Trust was intended by Defendant to be given the same legal effect as a court record or document of court, her claim for violation of § 12.002(a) fails."  In this regard, TEX. CIV. P. & REM. CODE Chapter 12 is entitled:  "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property".  Emphasis added. TEX. CIV. P. & REM. CODE § 12.002(a)(1) provides:  "A person may not make, present, or use a document or other record with:  knowledge that document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;…".  Emphasis added.  Similarly, TEX. CIV. P. & REM. CODE § 12.003(a)(8) reads:  "In the case of a fraudulent lien or claim against real or personal property or an interest in real or personal property, the obligor or debtor, or a person who owns an interest in the real property or personal property."  May bring an action to recover damages under TEX. CIV. P. & REM. CODE Chapter 12.  Emphasis added.

Defendant's belabored attempt to construe TEX. CIV. P. & REM. CODE § 12.002 as limited to "a court record or document of a court" is contrary to the specific language of §12.002 and was soundly rejected by the Court in *Centurion Planning Corporation, Inc. v. Seabrook Venture II*, 176 S.W.3d 498, 505-506 (Tex. App. – Houston [1st Dist.] 2004, no pet.).

At pages 13 and 14 of the Motion, Defendant asserts that Plaintiff has no evidence that Defendant had knowledge, at the time the Deed of Trust was filed, that it was a fraudulent lien. In actuality, the summary judgment evidence clearly establishes that Defendant JPMC knew at the time it filed the Deed of Trust (Ex. C) that the HELOC loan had not closed at an attorney's office, title company or at Defendant's office as required by TEX. CONST. art. XVI § 50(a)(6)(N). The summary judgment proof establishes, according to Defendant's records, that the purported "closing" of the loan took place at National Equity Services in Rochester, New York. See, for example, the bottom of page 1 of Ex. F attached to the Motion; the bottom of page 1 of Ex. G to Defendant's Motion; and page 1 of Ex. H to Defendant's Motion which lists the "Settlement Agent" as "National Equity Services".   At the bottom of page 7 of the Motion, Defendant identifies National Equity Services, Inc. as the "Settlement Agent" by reference to Ex. K attached to Defendant's Motion.   Defendant knows full well that National Equity Services is not an attorney or a title company or an office of JPMC, and Defendant has never asserted that it was. Indeed, Ex. K to Defendant's Motion reflects that National Equity Services, Inc. is nothing more than a business corporation organized under the laws of the state of New York. It is interesting to note that Defendant does not, itself, allege in the Motion that the HELOC loan was, in fact, closed at a title company or in an attorney's office or in an office of Defendant, instead relying upon a conclusory, wholly unsupported testimony of Plaintiff's ex-husband Bryan Kastleman (who finally concluded: "I don't know. I testified I don't know where it closed.") and the discredited Notary Public, Margie Shelnutt, who likewise could not state where the loan closed.  Ex. J., p. 165; Ex. P, p. 73.

The summary judgment proof reflects that Defendant JPMC knew from the inception of the loan that it was "closed" in a business corporation in Rochester, New York rather than at the office of an attorney or title company or at one of Defendant's offices as required by the Texas Constitution.  This more than satisfies the requirement of TEX. CIV. P. & REM. CODE §

12.002(a)(1) that Defendant had knowledge that the Deed of Trust it filed was "a fraudulent lien or claim against real property or an interest in real property…" in violation of TEX. CONST. art XVI, § 50(a)(6)(N).

The summary judgment evidence further reflects that, by filing the clearly unconstitutional and invalid lien on her homestead, Defendant intended to cause Plaintiff (whom Defendant knew full well was the co-owner of the homestead subject to Defendant's lien) "financial injury". See TEX. CIV. P. & REM. CODE § 12.002(a)(2)(3).

The "financial injury" which the summary judgment evidence establishes that Defendant intended to cause Plaintiff came to pass on February 5, 2013 when Plaintiff Lisa Kramer made a $249,910.71 payment (by personal check) to Defendant JPMC during a hearing in her divorce case in order to preclude the possibility of a receiver being appointed to sell her home (the homestead) to pay off the Chase loan in response to the request of her ex-husband Bryan Kastleman.  Exs. A, p. 2 and attached Ex. 1 to Ex. A; I, pp. 101-105; J pp. 168, 169; N; O. Plaintiff Lisa Kramer has presented summary judgment evidence that establishes that she has met all of the requirements to bring a claim against Defendant JPMC under TEX. CIV. P. & REM. CODE §12.002.

**D.   PLAINTIFF DOES NOT CONTEST THE MOTION AS TO PLAINTIFF'S CONSPIRACY CLAIM.**

Plaintiff does not contest the Motion as to Plaintiff's conspiracy claim.

**E.   PLAINTIFF DOES NOT CONTEST THE MOTION AS TO PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF.**

Plaintiff does not contest the Motion as to Plaintiff's request for declaratory relief.

## VI.
## CONCLUSION

Plaintiff Lisa Kramer requests that this Court deny Defendant's Motion for Summary Judgment as to Plaintiff's claim for violation of the Texas Constitution and Plaintiff's fraudulent

lien claim; grant Defendant's motion only as to Plaintiff's claims for Quiet-title and Conspiracy and Declaratory Judgment; and award Plaintiff such other and further relief to which she may be entitled.

Respectfully submitted,

JOSEPH P. WEBBER
State Bar No. 21041600
LAW OFFICES OF JOSEPH P. WEBBER
100 Congress Avenue, Suite 2100
Austin, Texas  78701
Telephone:  (512) 472-1131
Telecopy:  (512) 479-8977
Email:  webberlawaustin@aol.com

ATTORNEY IN CHARGE FOR PLAINTIFF
LISA KRAMER

## CERTIFICATE OF SERVICE

I hereby certify that the original or a true and correct copy of the foregoing document ( ) has been hand-delivered, either in person or by agent or by courier receipted delivery, or (X) has been mailed by certified or registered mail, or ( ) has been telecopied or ( ) has been emailed, to the offices of all attorneys of record (and to all Pro Se parties, if any) on this the _14th_ day of August , 2013, at the following addresses/telecopier numbers/email addresses:

WM. LANCE LEWIS
State Bar No. 12314560
CHARLES R. CURRAN
State Bar No. 24076334
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
Telephone:  (214) 871-2100
Fax:  (214) 871-2111
Email:  llewis@qslwm.com
Email:  ccurran@qslwm.com

JOHN W. ESCOVER
State Bar No. 24029539
Putonti, Escover & Rossick, P.C.
401 RR 620 South, Suite 350
Lakeway, Texas 78734
Phone:  (512) 263-0939
Fax:  512-263-0943
Email:  john@perlawtx.com

Joseph P. Webber